RILEY v DECKER et

Ohio Appeals, 3rd Dist, Logan Co

No 820. Decided May 24, 1932

Elmer E. Welty for plaintiff in error.
Huston & Robinson for defendants in error.

**KLINGER, J.**

On an examination of the record of the proceedings in the mayor's court on December 13, 1930, we find the same in all respects to be regular. There is nothing on the face of the record that would invalidate the action or judgment of the mayor's court.

Nine months thereafter, the defendants asked the court to vacate and strike from its records, a judgment properly entered averring the want of jurisdiction of the persons. This, in our opinion, cannot be done. The mayor had no authority or jurisdiction, nine months after he entered judgment, to open up and vacate the judgment on motion.

It is true that the mayor had no jurisdiction over a householder or freeholder resident of Logan County, outside of the Village of Lakeview. But there was nothing in the record of the case to show that either of these parties was a non-resident of Lakeview, until the issue was raised by motion nine months later. In our opinion, the mayor had no jurisdiction and no authority to set aside the judgment nine months after it was rendered. The only authority he would have over his judgment after it was rendered, was derived by virtue of §10377, GC. In this section there is no authority for a mayor to set aside and vacate a judgment after the same has been standing for nine months.

We agree with counsel, that if the facts are as set up in the motion, and supported by his testimony, the mayor was without jurisdiction of the persons, and in a proper proceeding the judgment obtained can be cancelled and held for naught. However,

the procedure by motion, is not authorized by statute at that late date, and the mere fact that the action of the mayor in the first instance was voidable, does not justify an unlawful procedure to correct it.

There is undoubtedly equitable relief available to the parties aggrieved.

The judgment of the Court of Common Pleas affirming the judgment of the Court of Mayor VanHorn in sustaining the motion will be reversed.

See, Corpus Juris, Volume 35, pages 677, 680, 685.

JUSTICE, PJ, and CROW, J, concur in the judgment of reversal.

Without expressing any opinion as to what their holding would be if the purported bill of exceptions had been filed in the mayor's court, which it was not, it is enough to say that with only the petition in error and the transcript of the docket of the mayor's court before it, the Court of Common Pleas should have reversed the mayor's court, and, under favor of §12246, GC, should have retained the case for trial. The Henry & Scheible Co. v The Collinwood Furnace Company, 11 O.C.C. (N.S.), 191.

They are of the opinion that the cross petition in error should be dismissed for the reason that even if no motion for a new trial was filed in the mayor's court, still none was necessary and hence a correction of the purported bill of exceptions on that point at this time would be of no consequence.